WATSON, Judge.
Both parties agree that this suit is to be resolved under the principles of quantum meruit.
The defendant-appellant, John Latham, engaged the plaintiff-appellee, Roy Berard and Sons, Inc., to move four buildings located at Avery Island, Louisiana. One of the buildings was cut in half for purposes of the move, and thus, there were five structures involved. Four of the structures were moved first by truck to a point at which they were loaded on a barge, then moved by water to another point on Avery Island where they were unloaded and moved a short distance to the final destination. The fifth building was moved by road and they were all located at the site designated by Latham.
There was no discussion between Roy Berard, the principal officer of the plaintiff corporation, and Latham as to the price prior to completion of the work. A short time after the move had been accomplished, Berard and Latham met at the office of a contractor in New Iberia where Berard informed Latham that his charges were $7,-500. Latham objected to this amount and gave Bernard $3,500 as a partial payment. Thereafter, Latham requested an itemized statement; a bill was tendered by Berard’s corporation, reflecting a total price of $8,247.97. Upon Latham’s failure to pay the balance, Berard filed suit, on open account, for the sum of $8,247.97, subject to the credit of $3,500.
After proceedings in which the suit was amended to reflect that the claim was before the court on quantum meruit, the matter went to trial.
After hearing the evidence and considering the documentary exhibits, the trial court gave judgment in favor of plaintiff and against defendant in the amount of $7,500, subject to the credit of $3,500. From this judgment Latham has appealed. The Ber-ard corporation has answered the appeal contending that it is entitled to the full amount of the claim, and also requesting that this court order payment of expert witness fees in the amount of $200.
The principal issue is whether the trial court was manifestly in error in awarding $7,500 on plaintiff’s claim in quantum meruit. Two subsidiary issues are whether there is legal interest due from the date of judicial demand and whether the trial court should have awarded expert witness fees.

Quantum Meruit

The arguments advanced against the amount awarded by the trial court are unimpressive. Counsel for appellant contends that the trial court erred in not con *806 sidering all of the factors which might go into the calculation of a business’s price for performing certain work. We do not believe that the courts are required under the law to perform as bookkeepers or cost accountants. There is no specific test or formula which must be applied in determining the reasonable value of services. Jones v. City of Lake Charles, 295 So.2d 914 (La. App. 3 Cir. 1974).
The evidence before the trial court included the itemized list of charges and testimony by various principals of the plaintiff corporation as .to how these charges were determined. Also there was testimony from two expert housemovers from the same geographical area who indicated that the itemization of charges was fair and reasonable and their charges for the same work would have been amounts very close to the award by the trial court.
The two housemovers who testified, Alton Landry of Cecilia and Emery Hayes of Lafayette, were consulted by defendant Latham after the move had been made on the pretext of obtaining estimates for moving similar houses. However, they were called as witnesses by plaintiff. Landry testified that, on a square footage basis, $3,246 would be a fair price for moving the houses, but rental of the tug and barge would be additional. Since Landry had only one truck, while Berard used three, Landry would have needed the barge five or six days. Berard required the barge only 26 hours at a cost of approximately $800. Landry’s barge charges would have exceeded Berard’s by approximately $3,000 or $4,000.
The other housemover, Hayes, stated that his total charge for the move would have been $7,000.
There is a reasonable evidentiary basis for the award made by the trial court. We find no manifest error in the trial court’s conclusion that the fair value of the services rendered by the plaintiff corporation to Latham was $7,500.

Expert Witness Fees

Landry and Hayes testified in the capacity of expert witnesses and were of considerable assistance to the court in resolving the issues. Each should be awarded the sum of $100.00 as an expert witness fee and the judgment will be so amended.
Legal Interest.
Appellant contends that legal interest should be awarded only from the date of the judgment under the authority of North Development Company, Inc. v. McClure, 276 So.2d 395 (La.App. 2 Cir. 1973). Ap-pellee does not contest this contention which is supported by Succession of Butler, 294 So.2d 512 (La., 1974). The judgment will be so amended.
Therefore, for the reasons assigned, the judgment of the trial court as to the principal award in quantum meruit is affirmed.
It is further ordered, adjudged and decreed that the judgment of the trial court be and it is hereby amended to award expert witness fees in the amount of $100 each to Alton Landry and Emery Hayes, and these amounts are taxed as court costs.
It is further ordered, adjudged and decreed that the judgment of the trial court be and it is hereby amended to award legal interest on the amount awarded to plaintiff and against defendant from the date of the judgment signed by the trial court.
Costs of this appeal are taxed against the defendant-appellant, John Latham.
AMENDED AND AFFIRMED.